UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRE D. WESTON, <br>     Plaintiff, <br>   v. <br> DEPUTY SHERIFF #2549, et al., <br>     Defendants. | Case No. 24-cv-04213-VKD <br><br> **ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND; DENYING MOTION FOR COURT ORDER** <br><br> Re: Dkt. No. 5, 11 |

Pro se plaintiff Andre D. Weston, a state prisoner, California, filed a complaint under 42 U.S.C. § 1983 against a deputy and the Sheriff of Alameda County for an incident that took place at Santa Rita Jail in Dublin, California. Dkt. No. 5. Mr. Weston's motion for leave to proceed *in forma pauperis* has already been granted. Dkt. Nos. 6, 9.

## I. BACKGROUND

The following facts are based on the allegations in Mr. Weston's complaint.

Mr. Weston is currently confined at the Santa Rita Jail ("Jail"), where the underlying incident took place. Dkt. No. 5 at 1. According to the complaint, on September 7, 2023, Mr. Weston "got into it" with another inmate. *Id.* at 2. "Deputy Sheriff #2549" intervened and ordered Mr. Weston to return to his cell. *Id.* at 2-3. Mr. Weston got permission to retrieve his tablet from the charging port, and as he was returning to his cell, began complaining about having to "lock it down" when he "didn't do anything." *Id.* at 3. Mr. Weston says that "Deputy #2549, out of nowhere grabbed my left arm and slug me around 180 degree with massive force." *Id.* He asserts that this act deprived him of his right to be free from excessive force. *Id.* Mr. Weston alleges that he suffered injury to his left shoulder, and he seeks compensation for pain and

1  suffering associated with that injury.  *Id.*

2  **II.     STANDARD OF REVIEW**

3        A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  A court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In conducting its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed, particularly in civil rights cases.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**III.    DISCUSSION**

      Mr. Weston has a plausible claim for relief under section 1983 based on his allegation of excessive force against "Deputy #2549."  However, it is unclear whether Mr. Weston is a pretrial detainee or a convicted prisoner.  If he is a pretrial detainee, then the excessive force claim is cognizable under the Fourteenth Amendment.  *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (pretrial detainee protected from use of excessive force by due process clause of Fourteenth Amendment).  If he has been convicted, then the excessive force claim is cognizable under the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (excessive physical force against a prisoner may constitute cruel and unusual punishment under the Eighth Amendment).  Mr. Weston may amend his complaint to clarify his custody status so that the Court may determine whether his claim arises under the Fourteenth Amendment or the Eighth Amendment.

The complaint also names Sheriff Yesenia Sanchez as a defendant but alleges only that the Sheriff was the "person in charge" at the time of the incident. Dkt. No. 5 at 2. However, the Sheriff may not be held liable under section 1983 on the theory that, as a supervisor, she is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). Rather, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

Mr. Weston shall be granted leave to file an amended complaint to attempt to state a claim against Sheriff Sanchez.

## IV. MOTION FOR COURT ORDER

Mr. Weston has filed a motion for a "court order to have full access to the law library etc. etc. Santa Rita Co. Jail." Dkt. No. 11. He asserts that his constitutional right of access to the law library is being violated and he seeks an order requiring "hours and days set for full access use of law library." *Id.* at 1.

The Constitution does not guarantee a prisoner unlimited access to a prison law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used. *See Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). For example, the fact that a prisoner must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts. *See id.*; *Myron v. Terhune*, 457 F. 3d 996, 1000-01 (9th Cir. 2006) (California state regulation governing prison law library, pursuant to Cal. Admin. Code Title 15 § 3120, does not create a due process liberty interest in law library access hours). Accordingly, the motion is denied.

On the other hand, state regulations provide inmates with access to the prison law library and a prisoner may apply for Priority Legal User ("PLU") status. Title 15 of the California Code of Regulations, § 3122 governs PLU status and states in relevant part:

(b) Inmates who have established court deadlines may apply for Priority Legal

3

> Status (PLU) to the prison law libraries. Inmates who are granted PLU status based on their application shall receive higher priority to prison law library resources than other inmates. All inmates who are not on PLU status are on General Legal User ("GLU") status.

Cal. Code Regs. tit. 15, § 3122(b). Accordingly, Mr. Weston may wish to refer to this court order to request PLU status with the Jail to meet the deadline set forth below.

## V. CONCLUSION

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint states an excessive force claim against "Deputy Sheriff #2549" but is deficient with respect to stating a claim against Sheriff Yesenia Sanchez. Mr. Weston may file an amended complaint to attempt to correct this deficiency as well as to state whether he is a pretrial detainee or a convicted prisoner. An amended complaint must be filed no later than **December 6, 2024**. The amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-04213 VKD, and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Weston must answer all the questions on the form in order for the action to proceed.

Mr. Weston is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Weston fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that any deficient claims be dismissed.

Mr. Weston's motion for a court order regarding full law library access is denied. Dkt. No. 11.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to Mr. Weston.

This order terminates Docket No. 11.

4

**IT IS SO ORDERED.**

Dated: November 8, 2024

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge