UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE D. WESTON,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPUTY SHERIFF #2549, et al.,<br><br>   Defendants. | Case No. 24-cv-04213-PCP<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS SHOULD NOT BE REVOKED**<br><br>Re: Dkt. Nos. 6, 9 |

Andre D. Weston, an inmate at Santa Rita Jail in Dublin, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Dkt. Nos. 1, 4, 5. United States Magistrate Judge Virginia DeMarchi reviewed the Complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend. Dkt No. 13. In a separate order, Judge DeMarchi granted Mr. Weston's motion to proceed in forma pauperis. Dkt. No. 12. Mr. Weston subsequently filed an amended complaint. Dkt. No. 14 ("Amended Complaint").

It now has come to the Court's attention that Mr. Weston may have had more than three prior cases dismissed as "strikes" under 28 U.S.C § 1915(g). The Court therefore orders Mr. Weston to show cause why his in forma pauperis status should not be revoked.

**A.   Legal Standard**

In 1996, Congress decided that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) requires that the court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997). Relying on the statute's command that such a prisoner may proceed "*in no event*," the Ninth Circuit has held that this bar is triggered by a prisoner's history of filing frivolous litigation without consideration of the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that the prisoner has filed many cases does not alone warrant dismissal under § 1915(g). *See Andrews*, 398 F.3d at 1121. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121.

### B.  Strikes

*Andrews* requires that a prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Andrews*, 398 F.3d at 1121. *Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem but requires the court to notify the prisoner of the earlier dismissals that might support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Andrews*, 398 F.3d at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Mr. Weston is now given notice that the Court believes the following dismissals may be counted as strikes for purposes of § 1915(g):

1. *Weston v. Winfield*, Case No. 2:93-cv-02016-WBS-JFM (E.D. Cal. March 8, 1994) (order dismissing complaint as frivolous upon a magistrate's recommendation);
2. *Weston v. Montaubaum*, Case No. 2:94-cv-1722-DFL-JFM (E.D. Cal. March 14, 1995) (order dismissing complaint as frivolous);
3. *Weston v. Department of Corrections*, Case No. 2:94-cv-1739-LKK-GGH (E.D. Cal. Oct. 19, 1995) (order dismissing complaint, after a chance to amend, as frivolous); and
4. *Weston v. Alameda Sheriff Dept.*, Case No. 3:96-cv-0449-FMS (E.D. Cal. March 20, 1996) (order dismissing complaint after a chance to amend).

The Court evaluated these cases based on the dismissal orders and docket sheets in them. *See Andrews*, 398 F.3d at 1120 (noting that the docket records may sometimes be sufficient but that the actual court files may sometimes need to be consulted). Having evaluated these cases, the Court concludes that each of these dismissals likely counts as a strike. As to the *Weston v. Winfield* and *Weston v. Montaubaum* actions, it is well-established that a dismissal for frivolity constitutes a strike. *See* 28 U.S.C. § 1915(g) (an action "dismissed on the grounds that it is frivolous" is a strike) As to the *Weston v. Department of Corrections* and *Weston v. Alameda Sheriff Department* actions, the Ninth Circuit has concluded that a dismissal counts as a strike where qualifying defects are identified, the plaintiff is given leave to amend to remedy those defects, and the plaintiff fails to file an amended complaint. *See Harris v. Mangum*, 863 F.3d 1133, 1141–43 (9th Cir. 2017) (holding that the order dismissing with leave to amend "rang the PLRA bells," and that the plaintiff's decision not to amend merely delayed the acquisition of the strike).

### C. Imminent Danger Exception

Despite having accrued three strikes pursuant to section 1915(g), a plaintiff may still be able to proceed in forma pauperis if he can show that he is in imminent danger of serious physical injury. The plaintiff has the burden of proving that he satisfies this exception by demonstrating

3

that he is in imminent danger of serious physical injury. The plain language of the imminent danger clause indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g., id*. at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger ... is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation marks omitted).

In addition, "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). To qualify under the imminent danger exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is *both* fairly traceable to unlawful conduct alleged in his complaint *and* redressable by the court." *Id.* (emphases added).

Here, Mr. Weston does not allege that he was in "imminent danger" at the time of filing. *See generally* Am. Compl. Rather, Mr. Weston claims that he was subjected to an act of excessive force on September 7, 2023. *See* Am. Compl. at 2, 5 (specifying the event occurred on that single date). Mr. Weston does not claim that he was subjected to excessive force on more than one occasion, much less that the excessive force was still being applied to his person when he opened this action on July 3, 2024. *See* Dkt. Nos. 1 (letter seeking assistance from the court), 4 (clerk's notice stating that an action had been opened in an abundance of caution and advising Mr. Weston to file a complaint); *see also Houston v. Lack*, 487 U.S. 266 (1988) (announcing the mailbox rule for prisoners). Because the allegedly unconstitutional actions had occurred and concluded well before the time of filing, it appears that any danger Mr. Weston faced was not "imminent" when this action was filed. Mr. Weston therefore likely does not qualify for the imminent danger exception.

4

### D. Conclusion

In light of these dismissals, and because Mr. Weston does not appear to be under imminent danger of serious physical injury, he is **ORDERED TO SHOW CAUSE** in writing filed no later than **August 22, 2025,** why in forma pauperis status should not be revoked and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

In the alternative to showing cause why the action should not be dismissed, Mr. Weston may avoid dismissal by paying the filing fee by the deadline.[1]

**IT IS SO ORDERED**.

Dated: July 23, 2025

P. Casey Pitts
United States District Judge

---

[1] For Mr. Weston's benefit, the Court notes that this order does not reach the merits of his action. Even if Mr. Weston pays the filing fee, his allegations still must survive the Court's screening before they may be served. *See* 28 U.S.C. § 1915A(a)–(b) (requiring district courts to conduct a pre-service review of any complaint filed by a prisoner, and to dismiss any complaint which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from an immune defendant).

5