UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE D. WESTON,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY SHERIFF #2549, et al.,<br><br>Defendants. | Case No. 24-cv-04213-PCP<br><br>**ORDER REVOKING PAUPER STATUS AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 6, 9 |

Andre D. Weston, an inmate at Santa Rita Jail in Dublin, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Dkt. Nos. 1, 4, 5. United States Magistrate Judge Virginia DeMarchi reviewed the Complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend. Dkt No. 13. In a separate order, Judge DeMarchi granted Mr. Weston's motion to proceed in forma pauperis. Dkt. No. 12. Mr. Weston subsequently filed an amended complaint. Dkt. No. 14 ("Amended Complaint").

After this lawsuit was reassigned to the undersigned, this Court issued an Order to Show Cause why Mr. Weston's pauper status should not be revoked. Dkt. No. 21. The Court noted that Mr. Weston had more than three "strikes" under 28 U.S.C § 1915(g). *See id*. at 3 (listing cases and explaining why each case constituted a strike). The Court also explained the imminent danger exception to the three-strikes rule and noted that Mr. Weston had not identified an imminent danger he faced at the time of filing which was related to the subject of the Complaint. *See id*. at 3–4. The Court also informed Mr. Weston that he could avoid dismissal by paying the filing fee. *See id*. at 5.

In his response to the Order to Show Cause, Mr. Weston does not dispute that he has incurred more than three strikes. *See id*. Dkt. No. 22. He states, "I really don't know of any side

1  other cases that was mention inside the Docket No. 6, 9." *Id*. at 2 (sic). Docket numbers 6 and 9
2  are Mr. Weston's *in forma pauperis* applications, and neither mentions past litigation. *See* Dkt.
3  Nos. 6, 9. Mr. Weston thus does not appear to argue that the identified strikes were filed by a
4  different person who happens to share his name. Nor does he dispute the Court's conclusion that
5  these cases constitute strikes. *See generally* Dkt. No. 22.

6        Mr. Weston argues that he qualifies for the imminent danger exception because he was
7  "the victim of an excessive behavior of harm" by "Deputy John Doe #2549" "on or about
8  September 7, 2023," and that this caused injury to Mr. Weston's shoulder *Id*. at 1. Mr. Weston
9  alleges that Deputy John Doe has since "atemaled me with his looks" and that a fellow inmate
10 tried to hurt Mr. Weston. *Id*. (sic). He alleges that he was "set up … to get beat up by other
11 inmate[s]" by "Deputy Andre [illegible last name] #2798" in July 2025. *Id*. at 3. Finally, Mr.
12 Weston alleges that he can't get certain "shots" he would like for his shoulder pain but appears to
13 acknowledge he receives other treatment for this pain. *See id*. at 5.

14 **I.    Legal Standard**

15       In 1996, Congress decided that a prisoner may not bring a civil action in forma pauperis
16 under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

21 28 U.S.C. § 1915(g). Section 1915(g) requires that the court consider prisoner actions dismissed
22 before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12
23 (9th Cir. 1997). Relying on the statute's command that such a prisoner may proceed "*in no event*,"
24 the Ninth Circuit has held that this bar is triggered by a prisoner's history of filing frivolous
25 litigation without consideration of the merits of the current action. *See El-Shaddai v. Zamora*, 833
26 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

27       For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state
28 a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure

12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that the prisoner has filed many cases does not alone warrant dismissal under § 1915(g). *See Andrews*, 398 F.3d at 1121. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121.

## II. Analysis

For the reasons given in the order to show cause, the Court concludes that Mr. Weston has incurred more than three strikes under 28 U.S.C. § 1915(g). *See* Dkt. No. 21 at 3.

The Court concludes that Mr. Weston has not shown he qualifies for the imminent danger exception. As the Court explained in the Order to Show Cause, to qualify for this exception Mr. Weston had to show that he was in imminent danger of serious physical injury at the time the Complaint was filed and additionally had to identify a nexus between the imminent danger and the subject of the Complaint. *See id*. at 3–4 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055–56 (9th Cir. 2007); *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022)). Although Mr. Weston alleges he is in pain due to Deputy John Doe's use of excessive force, he does not identify any danger posed by that officer at the time the Complaint was filed. *See generally* Dkt. No. 22. Mr. Weston alleges he is being placed in danger by another deputy, but this deputy's actions are unrelated to Deputy John Doe's actions or the subject of the Complaint. *Compare id. with* Complaint. Indeed, they post-date the filing of the Complaint by almost a year. *See* Dkt. No. 22; *see also Bradford v. Garcia*, No. 21-CV-01164-PJH, 2021 WL 1749872, at *1 (N.D. Cal. May 4, 2021) (concluding plaintiff did not qualify for the imminent danger exception where the dangerous incident post-dated the filing of the complaint, and where the plaintiff's medical conditions did not put him at risk of physical injury).

3

Mr. Weston's allegation that the facility provides unsatisfactory medical care is not an imminent danger. *See Simmons v. Clark*, 88 F. App'x 275 (9th Cir. 2004) (unpublished) (affirming the district court's conclusion that the plaintiff had failed to identify an imminent danger, where the plaintiff was receiving medical care for ongoing pain but disagreed with the course of treatment); *Ball v. Famiglio*, 726 F.3d 448, 468 (3rd Cir. 2013) (plaintiff's disagreement with propriety of medical treatment he was receiving insufficient to show imminent danger), *abrogated on other grounds*, by *Coleman v. Tollefson*, 575 U.S. 532 (2015).[1] In any event, any inadequate medical care would give rise to a wholly different claim than that alleged in the Complaint.

Finally, Mr. Weston asked the Court to maintain his pauper status as an act of mercy. See Dkt. No. 22 at 5. The Court is sympathetic to Mr. Weston's plight but does not have the power to grant such a request. The in forma pauperis statute states that "[i]n no event shall a prisoner" who has three strikes be permitted to proceed in forma pauperis, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statute does not allow the Court to ignore Mr. Weston's strikes as an act of mercy.

Mr. Weston has failed to show cause why his pauper status should not be revoked under Section 1915(g).

## III. Conclusion

Mr. Weston's pauper status is revoked. This case is DISMISSED without prejudice to

---

[1] *See also Hicks v. Yeh*, No. 22-CV-06865-JD, 2023 WL 2762045, at *2 (N.D. Cal. Mar. 15, 2023) (concluding plaintiff had not shown imminent danger where he was receiving treatment for his medical conditions and his claim depended upon him not receiving his preferred treatment), *appeal dismissed*, No. 23-15486, 2023 WL 4308954 (9th Cir. June 30, 2023); *Florence v. Allison*, No. 22-CV-02265-JSC, 2023 WL 2375253, at *3 (N.D. Cal. Mar. 6, 2023) (same); *Bradford*, 2021 WL 1749872, at *1 (concluding plaintiff did not qualify for the imminent danger exception where the plaintiff's medical conditions did not put him at risk of physical injury); *El-Shaddai v. Muniz*, No. 18-CV-06879-YGR (PR), 2020 WL 7863472, at *3 (N.D. Cal. Dec. 31, 2020) ("Allegations of [the plaintiff's] current medical conditions do not trigger the imminent danger exception because they are not connected to the claims in his complaint, and he does not argue to the contrary."); *Bounty v. Kumar*, No. 17-CV-03516-HSG (PR), 2019 WL 536646, at *2 (N.D. Cal. Feb. 11, 2019) (concluding the plaintiff did not qualify for the imminent danger exception where he identified currently deficient medical care which differed from the deficient medical care identified in the complaint, and which was carried out by different doctors); *Hardaway v. Days*, No. C 15-0495 RMW (PR), 2015 WL 6954960, at *2 (N.D. Cal. Nov. 10, 2015) ("[T]he [imminent danger] exception does not apply where the prisoner is receiving medical treatment but disputes the quality of treatment he is receiving.").

refiling his excessive force claim in a new case in which he pays the filing fee. This order does not affect Mr. Weston's ability to file a new case concerning the ongoing threat from Deputy Andre mentioned in the response to the Order to Show Cause. This order also does not affect Mr. Weston's ability to file a new case concerning medical care, if he pays the filing fee for that case.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED**.

Dated: October 27, 2025

P. Casey Pitts
United States District Judge